# United States District Court
# Eastern District of California

| | |
|---|---|
| GABRIEL JOHN PIPPIN,<br><br>               Petitioner,<br><br>    v.<br><br>T. FELKER, Warden, *et al.*,<br><br>               Respondents. | CIV S-08-1540 TJH<br><br><br>Order |

In January, 2002, Petitioner ended the relationship with his girlfriend and she moved out with their new-born son. In June, Petitioner saw his former girlfriend at a baseball game with a new boyfriend. He drove to her grandmother's house, waited for his former girlfriend to come outside with her boyfriend, and shot them both with a rifle, killing them. Petitioner was convicted of two counts of first degree murder, six counts of shooting at an inhabited dwelling, first degree residential burglary, corporal injury to a child's parent, and disobeying a court order. Petitioner was sentenced to two consecutive life sentences, without the possibility of parole, for

1    murder plus two consecutive sentences of twenty-five years to life, and twelve years

2    in prison for the other counts.

3        Petitioner seeks a writ of *habeas corpus* claiming:  (1) He was denied a fair

4    trial because the trial court failed to excuse a juror whose impartiality was

5    compromised ; (2) The prosecutor made improper remarks at trial by misstating the

6    law; and (3) The jury instructions were improper.

7        The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d),

8    provides that a federal court may grant habeas relief if a state court adjudication

9    resulted in a decision that (1) was contrary to, or involved an unreasonable

10   application of, clearly established Federal law, as determined by the Supreme Court;

11   or (2) was based on an unreasonable determination of the facts in light of the

12   evidence presented in the state court proceeding.

13       Petitioner contends that he was denied a fair trial because the trial court failed

14   to excuse a juror whose impartiality was compromised.  A state criminal defendant

15   has a federal constitutional right to an impartial jury. *Duncan v. Louisiana,* 391 U.S.

16   145, 149, 88 S. Ct. 1444, 1447, 20 L. Ed. 2d 491, 496 (1968).  However, due process

17   does not require a trial court to question jurors every time evidence of juror bias

18   comes to light.  *Tracey v. Palmateer*, 341 F.3d 1037, 1044 (9th Cir.  2003).   In

19   deciding its course of action, the court must consider the content of the allegations,

20   the seriousness of the alleged misconduct or bias, and the credibility of the source.

21   *Tracey*, 341 F. 3d at 1044.

22       Midway through defense counsel's closing argument, the court received a note

23   from Juror number 5 expressing confusion about the law as represented by the court

24   and counsel.  Petitioner moved to excuse the juror.  That motion was denied, and both

25   sides had an opportunity to address the juror's concerns in their arguments.

26   . . . . . . .

1    Petitioner argues that the note indicated that the juror reached a premature

2    decision to convict him of several of the counts.  Petitioner claims that the court had

3    a duty to dismiss the juror or conduct a meaningful inquiry into his possible bias.

4    However, Petitioner misinterprets the letter.  Juror number 5 wrote " I am not

5    expressing any personal position herein, rather seeking guidance."  The juror then

6    followed that introduction with several questions regarding the law relevant to one

7    of the counts.  The juror confidentially solicited help from the trial judge, expressed

8    his understanding that he had a duty to remain impartial, and provided the letter at a

9    time when both parties had an opportunity to adjust their closing argument to respond

10   to the juror's questions.

11   The note does not reveal partiality or premature decision making.  Thus, with

12   out further evidence of bias, the letter alone did not trigger a duty of investigation.

13   The court retains wide latitude in deciding whether further inquiry is necessary and

14   whether the juror should be excused.  In this case, it was sufficient to allow lawyers

15   of both parties to address the concerns in their arguments.  The trial court did not

16   abuse its discretion by denying defendant's request to excuse the juror or to

17   investigate his possible bias.

18   Petitioner contends that he was denied a fair trial because the prosecutor did

19   not properly paraphrase the legal standard for heat of passion manslaughter.

20   Prosecutorial misconduct rises to the level of a constitutional violation only when the

21   misconduct "so infected the trial with unfairness as to make the resulting conviction

22   a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464,

23   2471,  91 L. Ed. 2d 144, 157 (1986).  In assessing whether a statement by a

24   prosecutor rendered a defendant's trial fundamentally unfair, the reviewing court

25   must view the prosecutor's statements in the context in which they were made. *Greer*

26   *v. Miller*, 483 U.S. 756, 765-66, 107 S. Ct. 3102, 3109, 97 L. Ed. 2d 618, 630 (1987).

1    In paraphrasing the provocation necessary to find voluntary manslaughter
2    rather than murder, the prosecutor did not specifically differentiate between the
3    provocation to entice a reasonable person to act in the heat of passion with the
4    reasonableness of defendant's conduct in response to that provocation.  Petitioner
5    asserts that prosecutor misstated the law by not clarifying that the jury needs to assess
6    heat of passion based on the level of provocation.

7    However, when viewed in its entirety, the court sufficiently communicated to
8    the jury the essence of the difference between murder and manslaughter.  The court
9    properly instructed the jury on provocation, heat of passion, and all the elements of
10   manslaughter.  Additionally, the court specifically told the jury that the counsel's
11   paraphrasing of the rules may deviate from the letter of the law.  Thus, the court took
12   the necessary steps to alleviate due process concerns, and it is not reasonably likely
13   that jurors were misled. After taking into account the Court's actions, the prosecutor's
14   statements during closing argument did not effect the trial with unfairness to the
15   degree required by *Darden*.  *Darden*, 477 U.S. at 181, 106 S. Ct. at 2471,  91 L. Ed.
16   2d at 157.

17   Petitioner, also, contends that the trial court's instructions regarding counts of
18   discharging a firearm at an inhabited dwelling counts, did not correctly embody
19   California law and, thus, raised a constitutional issue.  Generally, claims of error in
20   state jury instructions are a matter of state law and invoke no constitutional question
21   unless they amount to a deprivation of due process.  *Estelle v. McGuire*, 502 U.S. 62,
22   73, 112 S. Ct. 475, 483,  116 L. Ed. 2d 385, 399-400 (1991).  To prevail, a *habeas*
23   petitioner must show that error so infected the trial that the resulting conviction
24   violated due process.  *Cupp v. Naughten*, 414 U.S. 141, 146-47,  94 S. Ct. 396, 400,
25   38 L. Ed. 2d 368, 373 (1973).

26

1    California Penal Code § 246 states that any person who maliciously and

2    willfully discharges a firearm at an inhabited dwelling house is guilty of a felony.

3    Petitioner claims that the jury should have been instructed that to find defendant

4    guilty, he must have been aware of the occupants' presence.  Petitioner's suggested

5    addition to the instructions is a misinterpretation of the law.  California Supreme

6    Court held that a house is "inhabited" if there are permanent residents thereof, even

7    if it is temporarily unoccupied.  *People v. Rodriguez,* 42 Cal. 3d 1005, 1018, 232 Cal.

8    Rptr. 132, 140 (1986).  Since a defendant can be charged with a § 246 violation even

9    if the house is empty, each shot constitutes a count and it is irrelevant whether he was

10   aware that the residents are inside at the time of the shooting. Because awareness of

11   presence is not an element of the crime, there was no instructional error.  The trial

12   court's instructions properly embodied California law and, thus, do not  present a

13   recognizable federal question.

14

15       It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

16   Denied.

17

18   Date:   July 6, 2012

19       _____

20

21       Terry J. Hatter, Jr.
         Senior United States District Judge

22

23

24

25

26